UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MC ALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 7:16-CR-0876-8 |
| | ) | |
| Plaintiff, | ) | CRIMINAL |
| | ) | |
| vs. | ) | McAllen, Texas |
| | ) | |
| JOSE ROMAN, | ) | Tuesday, November 14, 2017 |
| | ) | (9:11 a.m. to 9:36 a.m.) |
| Defendant. | ) | |

SENTENCING

BEFORE THE HONORABLE RANDY CRANE,
UNITED STATES DISTRICT JUDGE

(SEALED BENCH CONFERENCES OMITTED)

Appearances:            See Next Page

Court Recorder:         Rick Rodriguez

Transcribed by:         Exceptional Reporting Services, Inc.
                        P.O. Box 18668
                        Corpus Christi, TX 78480-8668
                        361 949-2988

**THIS TRANSCRIPT HAS BEEN FURNISHED AT PUBLIC EXPENSE UNDER THE CRIMINAL JUSTICE ACT AND MAY BE USED ONLY AS AUTHORIZED BY COURT ORDER. UNAUTHORIZED REPRODUCTION WILL RESULT IN AN ASSESSMENT AGAINST COUNSEL FOR THE COST OF AN ORIGINAL AND ONE COPY AT THE OFFICIAL RATE. General Order 94-15, United States District Court, Southern District of Texas.**

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**APPEARANCES FOR:**

| | |
|---|---|
| **Plaintiff:** | PATRICIA C. PROFIT, ESQ.<br>Assistant United States Attorney<br>1701 W. Business Hwy. 83, Suite 600<br>McAllen, TX 78501 |
| **Defendant:** | REYNALDO M. MERINO, ESQ.<br>Attorney at Law<br>1012 Martin Avenue, Suite B<br>McAllen, TX 78504 |

3

**McAllen, Texas; Tuesday, November 14, 2017; 9:11 a.m.**

**(Call to Order)**

    **THE COURT:** Next is 16cr876-8, *U.S.A. versus Jose Roman*.

    **MS. PROFIT:** The Government is present and ready, your Honor. There is a contested issue of facts in this case.

    **THE COURT:** I mean, I read the two different submissions.

    **MR. MERINO:** Well, your Honor, Rey Merino with Mr. Roman, who's present (indiscernible)

    **THE COURT:** Maybe I should have met with you-all in chambers beforehand to go over this. I mean, the real crux here is who was the source of the cocaine and possibly some heroin.

    **MR. MERINO:** May we approach?

    **THE COURT:** Yes, you may.

    **(Sealed bench conference omitted from 9:12 to 9:27 a.m.)**

    **THE COURT:** All right. I'm going to take a very brief recess to grab some notes. Be right back.

    **THE MARSHAL:** All rise.

    **(Recess was taken from 9:27:04 to 9:27:54 a.m.)**

    **THE COURT:** All right. You may --

    **(Sealed bench conference omitted from 9:27:58 to 9:30 a.m.)**

*//*

1 **THE COURT:** All right.  So I don't remember where we
2 left off.  Mr. Merino, is there anything -- I mean, we've had a
3 lot of discussion up here.  Anything more you want to say and
4 then I'll let your client speak?
5 **MR. MERINO:** Judge, I know we started the sentencing
6 in a previous hearing.  I just want to go through my objections
7 real quick, just for an abundance of caution.  So the first
8 thing we talked about was the safety valve and I think the only
9 thing that was holding my client back from safety valve was
10 whether or not he qualified under the (indiscernible) -- the
11 (indiscernible)
12 **THE COURT:** Right.  The truth --
13 **MR. MERINO:** Truth in debriefing.
14 **THE COURT:** Sure.
15 **MR. MERINO:** So we submitted the -- this
16 contradicting letter --
17 **THE COURT:** Right.
18 **MR. MERINO:** -- for the court to consider.
19 **THE COURT:** Reviewed those.
20 **MR. MERINO:** We'd ask the Court to consider that.
21 What my client has said, Judge, is perhaps not self-serving.  I
22 would submit to the Court he wouldn't have anything to gain by
23 lying about this.  And that's all I can say, Judge, and I'd
24 submit to the Court he's been truthful with the Government and
25 he generally agreed to everything in the PSI and under proffer

1  gave some additional information.  So I did think he was

2  deserving of safety valve, Judge.

3          **THE COURT:**  All right.  I'll consider that.  And

4  then, Mr. Roman, you get to speak also.  I know we spoke up

5  here.  You don't have to repeat anything but if there's

6  anything more, you do have the right to speak before I

7  determine your sentence.

8          **MR. MERINO:**  One more thing, Judge.

9          **THE COURT:**  Oh, sorry.

10          **MR. MERINO:**  Rey Merino, for the record for

11  Mr. Roman.  Judge, I think you might have already ruled on this

12  but I did have an objection to the firearm enhancement, the two

13  points.  They're separate and apart from the criteria of the

14  safety valve.

15          **THE COURT:**  I don't know how I ruled but as I

16  reviewed for today, my belief was that he didn't fit -- he

17  didn't personally possess the wire -- the weapons, therefore,

18  he would still be eligible for safety valve; however, his

19  brother had the weapons.  He's part of the conspiracy.  And the

20  question then is it reasonably foreseeable that a co-

21  conspirator would have a weapon as part of the conspiracy; and

22  since weapons are tools of trade, it's very well established

23  Fifth Circuit precedent that they are and that that are always

24  foreseeable in drug trafficking offenses.  And I -- and

25  conclude just on the facts here that it was foreseeable that

1 his brother would possess weapons in connection with his drug
2 trafficking activities and he was part of that conspiracy. And
3 so, I find the two points appropriately assessed but it -- but
4 they don't disqualify him for safety valve. I'll also make
5 that note because you're going to have this appellate point
6 here on safety valve qualification. So I find he's -- the
7 weapons did not disqualify him from safety valve.
8     **MR. MERINO:** Finally, Judge, we get to the acceptance
9 of responsibility. I'm not sure if the Government's going to
10 move for that (indiscernible).
11     **MS. PROFIT:** Yes, your Honor. (indiscernible)
12     **THE COURT:** The Court grants that third acceptance
13 point off as well.
14     **MR. MERINO:** And the last thing I have, Judge, is
15 asking the Court to make a recommendation that Mr. Roman be
16 placed in a facility closest to his family in the Chicago area.
17     **THE COURT:** All right. I plan to do that.
18     Okay. So now, Mr. Roman, you get to speak. You
19 don't have to but if there's anything you want to say, now is
20 your chance to speak.
21     **THE DEFENDANT:** Apologize to you and the courts -- to
22 the United States. I know I made a mistake --
23     **THE COURT:** Uh-huh.
24     **THE DEFENDANT:** -- and --
25     **THE COURT:** You're also going to lose your

7

1  citizenship.
2        **THE DEFENDANT:**  -- take responsibility.  Also want to
3  say -- apologize to Ms. Profits (phonetic).  I wish I could
4  have helped them more.
5        **THE COURT:**  Uh-huh.  I mean, there still may be a
6  chance.
7        **THE DEFENDANT:**  I don't find it correct to lie to the
8  Court.
9        **THE COURT:**  All right.  But, I mean, you still may
10 have a chance to help yourself.
11       And, again, you don't lose your citizen -- you lose
12 your residency here.  Once you're a citizen, you're always a
13 citizen.  But you will lose your residency here which means
14 you're going to have to make a life for yourself in Mexico so
15 you need to be prepared to do that when you get out of prison.
16       I assume the same for your brother when he gets out.
17 He'll be down there as well so maybe you-all will help each
18 other out.
19       Anything the Government wants to add?
20       **MS. PROFIT:**  No, your Honor.
21       **THE COURT:**  All right.  The Court adopts the factual
22 finding contained within the presentence report.  I find it
23 correctly scored, base offense level 30, the two-point
24 enhancement for weapons but three points off for acceptance
25 leaving the Defendant at a level 29.  My ruling on the safety

1  valve issue was that it is -- I concluded that the information
2  provided by the Government was more likely than not the correct
3  and actual version of events and that they sustained their
4  burden of proof by a preponderance of the evidence and that the
5  Defendant on that contradicting point, then, found that his
6  testimony was less credible than the Government's evidence.
7  And that's why I'm ruling that Defendant did not qualify for
8  safety valve.  You can retain that point for appellate
9  purposes.
10             So again, this leaves the Defendant level 29.  He has
11 a criminal history category only of I which would have had him
12 in an 87, 108 range but without safety valve qualifying, he's
13 in a range of 120 months.
14             The Court considers those factors under 18 U.S.C.
15 3553(a) and concludes that a sentence within these guidelines
16 satisfied them.  And therefore, pursuant to the <u>Sentencing
17 Reform Act of 1984</u>, it's the judgment of the Court the
18 Defendant, Mr. Jose Roman, is committed to the custody of the
19 Bureau of Prisons to be imprisoned for a term of 120 months.
20             Upon release from imprisonment, he's placed on
21 supervision for five years which is also mandatory.  And while
22 on supervision, the Defendant's not to commit any other
23 federal, state or local crime.  He's to comply with the
24 standard conditions that have been adopted by this Court, abide
25 by any mandatory conditions required by law.  In addition, he's

1  not to possess a firearm or other destructive device.  He's to
2  cooperate in providing a DNA sample.
3         I find the Defendant cannot afford to pay a fine so I
4  waive it but he is assessed $100 special assessment which is
5  payable immediately.
6         Mr. Roman, you can appeal this sentence.  You would
7  have two weeks to do so.  If you cannot afford the costs of an
8  appeal, you could ask that I waive these costs of an appeal.
9         Remaining counts?
10         **MS. PROFIT:**  The Government moves to dismiss the
11  remaining counts.
12         **THE COURT:**  So ordered.  And I'll recommend the
13  Defendant be placed in a facility closest to his family in the
14  Chicago area.
15         Anything else, Mr. Merino?
16         **MR. MERINO:**  Yes, your Honor.  Because he will be
17  deported, is the Court going to order mandatory supervision?
18         **THE COURT:**  Well if the Defendant is deported,
19  supervision becomes inactive.  But if he were to return to the
20  country, then supervision would reactivate automatically at
21  that time.
22         Again, you have two weeks to appeal all of this,
23  Mr. Roman.
24         All right.  Best of luck to you.  You-all are excused
25  at this time.

   **(This proceeding was adjourned at 9:36 a.m.)**

           **CERTIFICATION**

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____     <u>February 27, 2018</u>

       **TONI HUDSON, TRANSCRIBER**

      **EXCEPTIONAL REPORTING SERVICES, INC**