UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE ROMAN, | ] | |
| Movant, | ] | |
| | ] | |
| | ] | CIVIL NO. 7:20-CV-0102 |
| V, | ] | CRIM NO. 7:16-CR-876 |
| | ] | |
| | ] | |
| UNITED STATES OF AMERICA, | ] | |
| Respondent. | ] | |

**OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

==================================================================

Pursuant to the concerning Federal Rule of Civil Procedure, Jose Roman, acting Pro se, respectfully objects to the Magistrate Judge's Report and Recommendation with respect to all claims raised in his 28 U.S.C 2255 and presents the fallowing facts to be considered in aid of this proceeding.

A deadline of 14-days within which to file Movant's objections may jeopardize the fairness of the proceedings here, considering that movant was served with government's response 20-days after the filing of such response on the 15th day of February. Movant is acting Pro se and is not familiar with the civil rules and neither he is familiar with the science of law. Movant is in constant lockdowns at the institution of confinement because of the COVID-19 prevention. 14-days is simply unreasonable for him to satisfy the requires 14-days limit. Movant should be allowed

1

additional 30-days for him to have sufficient time to file his pleadings. Movant's request is in good faith and in the best interest of the proceedings.

Movant desires to preserve all arguments as presented in his 28 U.S.C 2255 motion for further proceedings, and objects as follows to the Magistrate Judge's Report and Recommendation:

### B. Assistance at Sentencing

Movant raised that his attorney failed to properly challenge and failed to object to the application of the Sect. 2D1.1(b)1) enhancement for possession of a dangerous weapon. (Civ. Dkt. No. 1 at 4; Civ. Dkt. No. 1-1 at 9-16).

Movant object to the manner in which the magistrate court approached to his argument. Magistrate court describes and lectures the application of the Sect. 2D1.1(b)(1) enhancement and law application.

The central point here, is not one of how the law applies to a possessor of a dangerous weapon, bust one of Equal Protection in comparison to other people similarly situated in the same case. It is extremely unreasonable to assume that the firearms found in the home of Rodrigo Roman, (co-defendant uncharged and who was not enhanced under 2D1.1(b)(1)) was possessed Possessed by Jose Roman.

The magistrate recommendation has ignored one very basic analysis. The court reasoning was that because Mr. Roman was part of the conspiracy then it was reasonably foreseeable that being that his brother was co-conspirator and had weapons at his residence, then Mr. Roman was also liable for the same because it is always foreseeable that weapons were part and connected with drug trafficking activities since weapons are tools of trade. The court reasoned that it was foreseeable that his brother would possess weapons in connection with his drug trafficking activities and everybody in the conspiracy was liable for said weapons.

Very contradicting is the fact that Rodrigo Roman was not charged with the weapons found at his residence, nor his sentence was enhanced under U.S.S.G 2D1.1(b)(1).

Here, in waiving the applicability of the enhancement against Rodrigo Roman, the government placed a reasonable doubt about foreseeability of the weapons against Mr. Roman. The chain link connecting weapons against Mr. Roman was broken by the government when waiving enhancing Rodrigo Roman's sentence for the weapons. If Rodrigo Roman did not possess the weapons and the government determined that he was not liable for the same, this means that Mr. Roman may not be held to constructively possessed the weapons and that is the end of the story.

In support of his contention, Mr. Roman presents that even the FBOP has concluded that Mr. Rodrigo Roman did not posses' firearms during his arrest and wherefore has meet the criteria for the Residential Drug Abuse Program (RDAP). RDAP is the Bureau's most intensive treatment program.

Under the 2009 rules, federal prisoners currently serving time for a felony that involved "the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)" are not eligible for the RDAP sentence reduction, even if they complete the RDAP.

Rodrigo Roman was eligible for RDAP, and FBOP has concluded that he did not posses or use of a firearm. Clearly here, is according to the history if this case, any weapons recovered during the conspiracy were recovered from Rodrigo Roman's residence, no other weapons were recovered during Jose Roman's arrest or anywhere else. Clearly, the government selectively waived charging Rodrigo Roman with possessing weapons breaking the chain link that attached Jose Roman with the same. Jose Roman respectfully moves for a de novo review respecting the erroneous application of his enhancement and invokes his Equal Protection Rights to claim that he is similarly situates to Rodrigo Roman, and that what's good for the goose is good for the gander. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432 (1985). A violation of equal protection occurs only when the

government treats someone differently than others similarly situated.

Movant properly objects to magistrate's recommendation and moves for a de novo evaluation to this matter by the district judge.

WHEREFORE, based on the above mentioned, Movant Jose Roman, respectfully objects to the Magistrate Judge's Report and Recommendation, and moves for a new evaluation to all his claims as presented in his 28 U.S.C 2255 pending motion.

Movant Jose Roman moves to vacate his sentence and respectfully petitions for a new sentence without the discriminatory and selective application of the 2-point enhancement for possession of a firearm USSG §2D1.1(b)(1).

Date: 2-20-2021                                         Respectfully Submitted

                                                        *Jose Roman* (signature)

## CERTIFICATE OF SERVICE

I, Jose Roman, hereby certify that I have served a true and correct copy of the following Objections To Magistrate Judge's Report and Recommendation to his 28 U.S.C 2255 by a Person in Federal Custody to the United States District Attorney's Office of the Southern District of Texas, McAllen Division, and deposited the same in the United States mailing system at the on this _20_ day of __Feb__, 2021

Respectfully Submitted

/s/ Jose Roman

**JOSE ROMAN**
Reg No. 51238-424
CORRECTIONAL INSTITUTION
P.O. BOX 3770
BIG SPRING, TX 79720